NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2981
_____

UNITED STATES OF AMERICA

v.

RICHARD SPISAK,
Appellant
_____

Appeal from the United States District Court
For the Eastern District of Pennsylvania
(D.C. Criminal No. 2-11-cr-00669-001)
District Judge: Honorable Paul S. Diamond
_____

Submitted Under Third Circuit LAR 34.1(a)
September 11, 2013

Before: McKEE, *Chief Judge*, SMITH and SLOVITER, *Circuit Judges*

(Opinion Filed: October 7, 2013)
_____

OPINION
_____

McKEE, *Chief Judge*.

Richard Spisak appeals the 32-month sentence that the district court imposed on

him following his guilty plea to one count of engaging in a sexual act with a ward. For

the reasons that follow, we will affirm that judgment.

As we write only for the parties who are familiar with the facts and procedural history, we need not reiterate the details of Spisak's offense.

Because the defendant failed to object at sentencing to the government's presentation of evidence, we review for plain error. Fed.R.Crim.P. 52(b). Under the plain error standard, the appellant must show that "(1) an error was committed; (2) the error was plain, that is, it is 'clear' and 'obvious;' and (3) the error affected [the defendant's] substantial rights." *United States v. Nappi*, 243 F.3d 758, 762 (3d Cir. 2001) (alteration in original). If the appellant makes that showing, we may correct the sentencing error, but only if the error "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Dixon*, 308 F.3d 229, 234 (3d Cir. 2002) (citations omitted).

The defendant argues that the district court committed plain error by granting the upward variance based on the testimony of the two additional inmates. In support of this argument, he attempts to rely on *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and *United States v. Booker*, 543 U.S. 220 (2005). In *Apprendi*, the Court declared: "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. The Court reaffirmed this holding in *Booker*. 543 U.S. at 244. The defendant claims that this precedent compels a finding of plain error because the district court—and not a jury—found facts that resulted in a sentence exceeding his maximum Guidelines range. We disagree.

Because the Guidelines are now advisory and only one factor a judge must consider when sentencing, they do not increase the maximum sentence to which a defendant is exposed; "[t]hey merely inform the judge's broad discretion." *United States v. Grier*, 475 F.3d 556, 565 (3d Cir. 2007). As a result, sentencing judges can sentence defendants up to the statutory maximum based on evidence presented at sentencing as long as the defendant has been found guilty beyond a reasonable doubt of each element of the offense of conviction, or has admitted guilt pursuant to a valid change of plea proceeding. *Id.* at 561,

Moreover, even if the district court had erred in crediting the testimony of the two other victims, the error would have been harmless because it is clear that it did not affect the defendant's sentence. Rather, the district court concluded that an upward variance would have been warranted even without their testimony.

Accordingly, we will affirm the district court's judgment.